# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARIA PEELLE,

    Plaintiff,

v.                                                                         No. 19-cv-0171 SMV/GJF

WALMART INC., WAL-MART
STORES EAST, INC., and WAL-MART
STORES EAST, LIMITED PARTNERSHIP,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Complaint [Doc. 1], filed by Plaintiff on March 4, 2019. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the amount in controversy and the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Plaintiff to file an amended complaint no later than **April 4, 2019,** if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On March 4, 2019, Plaintiff filed her Complaint. [Doc. 1]. She alleges that the Court has diversity jurisdiction over the matter. *Id.* at 2. She asserts that she "is a resident of Curry County, New Mexico." *Id.* at 1. She asserts that Defendant Walmart Inc. is "incorporated in Delaware and

doing business in New Mexico." *Id.* Next, she claims that Defendant Wal-Mart Stores East, Inc., is a corporation "incorporated in Arkansas and doing business in New Mexico." *Id.* at 2. Finally, she alleges that Defendant Wal-Mart Stores East, Limited Partnership, is "a foreign limited partnership doing business in New Mexico." *Id.* Plaintiff does not allege an amount in controversy. *See* [Doc. 1].

## LEGAL STANDARD

A plaintiff is required to assert the basis of subject-matter jurisdiction in her complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject-matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject-matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) (2018). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of State citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

2

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the State in which it is incorporated *and* in which it maintains its principal place of business. § 1332(c). Partnerships, limited partnerships, and limited liability companies, however, are citizens of each and every State in which any partner or member is a citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (stating the citizenship of business entities is determined by the citizenship of its members); *Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1234 (remanding for district court to determine the citizenship of all the members of the plaintiff limited liability company); *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522–23 (10th Cir. 1991) (remanding for district court to determine citizenship of all of the partners of the plaintiff limited partnership).

Here, the facts set forth in the Complaint do not sufficiently establish Plaintiff's citizenship because they address only her residence. Further, the allegations fail to establish the citizenship of Defendants Walmart Inc. and Wal-Mart Stores East, Inc., because Plaintiff fails to allege their principal place of business. Plaintiff's allegations fail to establish the citizenship of Defendant Wal-Mart Stores East, Limited Partnership, because they fail to allege the citizenship of each of its partners. Finally, Plaintiff fails to establish that diversity jurisdiction exists because she does not allege the amount in controversy. *See McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008) (stating that the party invoking federal jurisdiction has the burden to establish both the diversity-of-citizenship and amount-in-controversy requirements).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff shall amend her Complaint to properly allege diversity of citizenship, if such allegations can be made

in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **April 4, 2019**. Specifically, Plaintiff must allege the following:

- Plaintiff's domicile;

- The principal place of business of Defendants Walmart Inc. and Wal-Mart Stores East, Inc.;

- The citizenship of each and every partner of Defendant Wal-Mart Stores East, Limited Partnership; and

- The amount in controversy.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **April 4, 2019,** the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge**