IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA PEELLE,

    Plaintiff,

v.                                                                                         No. 19-cv-0171 SMV/GJF

WALMART INC., WAL-MART
STORES EAST, INC., and WAL-MART
STORES EAST, LIMITED PARTNERSHIP,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Amended Complaint [Doc. 4], filed by Plaintiff on March 28, 2019. The Court has a duty to determine whether subject-matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Amended Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Amended Complaint fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Plaintiff to file a second amended complaint no later than **May 3, 2019,** if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On March 4, 2019, Plaintiff filed her Complaint, where she alleges that the Court has diversity jurisdiction over this matter. [Doc. 1] at 2. After reviewing the Complaint, the Court

ordered Plaintiff to file an amended complaint due to the following defects in her jurisdictional pleadings:

- Plaintiff did not allege her domicile;
- The principal places of business of Defendants Walmart Inc. and Wal-Mart Stores East, Inc., were not alleged;
- Plaintiff did not allege the citizenship of each partner of Defendant Wal-Mart Stores East, Limited Partnership; and
- Plaintiff did not allege the amount in controversy.

[Doc. 3] at 3–4. Plaintiff filed the Amended Complaint on March 28, 2019. [Doc. 4]. She still maintains that diversity jurisdiction exists. *Id.* at 3. She alleges that she is a citizen of Curry County, New Mexico. *Id.* at 1. She states that Walmart Inc. is incorporated in Delaware and has a principal place of business in Arkansas. *Id.* at 1–2. She states that Wal-Mart Stores East, Inc., is incorporated in Arkansas and has a principal place of business in Arkansas. *Id.* at 2. She alleges that Wal-Mart Stores East, Limited Partnership, "is a foreign limited partnership, with the citizenship of its partners in Arkansas and other States of the United States and doing business throughout New Mexico." *Id.* Finally, she alleges that the amount in controversy exceeds $75,000 and that her current settlement demand is $125,000. *Id.*

## LEGAL STANDARD

A plaintiff is required to assert the basis of subject-matter jurisdiction in her complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject-matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998).

Subject-matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) (2018). The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Partnerships, limited partnerships, and limited liability companies are citizens of each and every State in which any partner or member is a citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (stating the citizenship of business entities is determined by the citizenship of its members); *Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1234 (remanding for district court to determine the citizenship of all the members of the plaintiff limited liability company); *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522–23 (10th Cir. 1991) (remanding for district court to determine citizenship of all of the partners of the plaintiff limited partnership).

Plaintiff's Amended Complaint fails to properly allege the citizenship of Wal-Mart Stores East, Limited Partnership. Plaintiff alleges that its partners are citizens of Arkansas and "other States of the United States." [Doc. 4] at 2. Simply stating that its partners are citizens of "other States" besides Arkansas does not meet Plaintiff's burden of pleading the citizenship of Wal-Mart Stores East, Limited Partnership, because those "other States" could include New Mexico, where Plaintiff is a citizen. In such an instance, the Court would lack diversity jurisdiction. Without

knowing the identities of these "other States," the Court cannot assure itself that diversity jurisdiction exists.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff shall amend her Amended Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **May 3, 2019**. Specifically, Plaintiff must allege the citizenship of Defendant Wal-Mart Stores East, Limited Partnership, including **each and every State in which one of its partners is a citizen**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **May 3, 2019,** the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**