# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARIA PEELLE,

    Plaintiff,

v.                                                                                   No. 19-cv-0171 SMV/GJF

WALMART INC., WAL-MART
STORES EAST, INC., and WAL-MART
STORES EAST, LIMITED PARTNERSHIP,

    Defendants.

## ORDER TO SHOW CAUSE AND
## ORDER SETTING TELEPHONIC SHOW-CAUSE HEARING

THIS MATTER is before the Court sua sponte, following its review of the Second Amended Complaint [Doc. 7], filed by Plaintiff on April 9, 2019. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Having considered the Second Amended Complaint, the applicable law, and being otherwise fully advised in the premises, the Court concludes that the Second Amended Complaint fails to allege the necessary facts of citizenship to sustain diversity jurisdiction. In particular, Plaintiff fails to adequately allege the citizenship of Defendant Wal-Mart Stores East, Limited Partnership's partners, WSE Investment LLC and WSE Management LLC. *See* [Doc. 7] at 2. Plaintiff must appear telephonically on **May 20, 2019, at 3:30 p.m.** to show cause why this action should not be dismissed without prejudice for lack of jurisdiction. Counsel must call the Court's AT&T Conference Line, **(888) 363-4734 (access code: 4382538)**, to connect to the proceedings.

## Background

On March 4, 2019, Plaintiff filed her Complaint, where she alleges that the Court has diversity jurisdiction over this matter. [Doc. 1] at 2. After reviewing the Complaint, the Court ordered Plaintiff to file an amended complaint due to various defects in her jurisdictional pleadings, including that Plaintiff did not allege the citizenship of each partner of Defendant Wal-Mart Stores East, Limited Partnership. [Doc. 3] at 3. Plaintiff filed the Amended Complaint on March 28, 2019. [Doc. 4]. She still maintained that diversity jurisdiction exists. *Id.* at 3. She alleged that she is a citizen of Curry County, New Mexico. *Id.* at 1. She alleged that Wal-Mart Stores East, Limited Partnership, "is a foreign limited partnership, with the citizenship of its partners in Arkansas and other States of the United States and doing business throughout New Mexico." *Id.* She alleged that Defendants Walmart Inc. and Wal-Mart Stores East, Inc., are citizens of Delaware and Arkansas. *Id.* at 1–2.

The Court reviewed the Amended Complaint and, on April 4, 2019, ordered Plaintiff to amend it in order to properly plead diversity jurisdiction. [Doc. 5]. Specifically, the Court found that Plaintiff did not adequately plead the citizenship of Wal-Mart Stores East, Limited Partnership, because the statement that it was a citizen of "Arkansas and other States of the United States" did not rule out the possibility that it was a citizen of New Mexico, the State of Plaintiff's citizenship. *Id.* at 3–4. Plaintiff filed her Second Amended Complaint on April 9, 2019. [Doc. 7]. She now alleges that Wal-Mart Stores East, Limited Partnership, has two partners: WSE Investment LLC and WSE Management LLC. *Id.* at 2. She alleges that they "are headquartered in, and citizens of, the State of Arkansas." *Id.*

**Legal Standard**

A plaintiff is required to assert the basis of subject-matter jurisdiction in her complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject-matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject-matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

**Discussion**

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) (2018). Determining the citizenship of a partnership, limited partnership, or limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the States in which it is incorporated *and* in which it maintains its principal place of business. § 1332(c). **Partnerships, limited partnerships, and limited liability companies, however, are citizens of each and every State in which any partner or member is a citizen.** *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (stating the citizenship of business entities is determined by the citizenship of its members); *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522–23 (10th Cir. 1991) (remanding for district court to determine the citizenship of all of the members of the plaintiff limited partnership); *Siloam Springs Hotel, LLC v. Century Sur. Co.*,

781 F.3d 1233, 1234 (10th Cir. 2015) (remanding to district court to determine the citizenship of all the members of the plaintiff limited liability company).

Here, the facts set forth in the Second Amended Complaint do not sufficiently establish the citizenship of Defendant Wal-Mart Stores East, Limited Partnership. Although Plaintiff states that its two partners are WSE Investment LLC and WSE Management LLC, she does not allege the citizenship of these two LLCs. The citizenship of an LLC is determined by the citizenship of each and every one of its members. Though Plaintiff alleges that WSE Investment LLC and WSE Management LLC are citizens of Arkansas because they "are headquartered" there, [Doc. 7] at 2, the location of their headquarters is irrelevant to their citizenship. Rather, their citizenship is determined by the citizenship of each and every one of their members. If, for example, WSE Investment LLC has a member who is a citizen of New Mexico, diversity jurisdiction would not exist. Without knowing the citizenship of *each member of WSE Investment LLC and WSE Management LLC*, the Court cannot assure itself that subject-matter jurisdiction exists.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff appear telephonically on **May 20, 2019, at 3:30 p.m.** to show cause why this action should not be dismissed without prejudice for lack of jurisdiction. Counsel must call the Court's AT&T Conference Line, **(888) 363-4734 (access code: 4382538)**, to connect to the proceedings.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**